

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 532-4747

September 21, 2023

By CM/ECF

Christopher M. Wolpert
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO  80257

Re:   *Leachco, Inc. v. Consumer Product Safety Commission*,
      No. 22-7060 (10th Cir.)

    I write to provide citations for certain sources that were referenced during yesterday's oral argument.  In the course of explaining why this Court's decision in *SEC v. Blinder, Robinson & Co.*, 855 F.2d 677 (10th Cir. 1988), cannot be distinguished and forecloses Leachco's challenge to the removal protections of the CPSC Commissioners, I noted that the Office of Legal Counsel has concluded that the President can remove the CPSC Chairman at will (just as this Court understood in *Blinder Robinson* that the SEC Chairman could be removed at will).  *See also* Opp. to 3d Mot. for Inj. 14 n.4 (Aug. 2, 2023) (making this argument).  The relevant OLC opinion is published at 25 Op. OLC 171 (2001), and a copy is attached.  In the same portion of the argument, I also explained that *Blinder Robinson* could not be distinguished based on the powers exercised by the SEC Chairman because the CPSC Chairman has similarly broad powers.  *See* 15 U.S.C. 2053(f) (specifying "the Chairman of the Commission shall be the principal executive officer of the Commission, and he shall exercise all of the executive and administrative functions of the Commission").

    The Court also asked for a citation for *Collins v. Yellen*, 141 S. Ct. 1761 (2021).  As explained in our merits brief (at 18-20) and opposition to

Leachco's third motion for injunction pending appeal (at 10-12), *Collins* establishes that an invalid removal restriction does not deprive an agency of authority to act and that a litigant can only claim entitlement to a remedy based on a removal claim when the litigant has suffered compensable harm. *See id.* at 1788-89. *Axon Enterprises v. FTC*, 143 S. Ct. 890 (2023), decided only the threshold question of where certain structural challenges (including, but not limited to, removal challenges) "may be heard," *id.* at 897, and did not purport to disturb *Collins*.

                        Sincerely,

                        */s/ Joshua M. Salzman*
                        JOSHUA M. SALZMAN
                        U.S. Department of Justice
                        Civil Division, Appellate Staff

## CERTIFICATIONS

      I hereby certify that all of the required privacy redactions have been made; that any required paper copies are exact versions of the document filed electronically; and that the electronic submission was scanned for viruses and found to be virus-free. I certify that this letter complies with the word limits of Fed. R. App. P. 28(j) because it contains 307 words. I further certify that on September 18, 2023, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system, and that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                               */s/ Joshua M. Salzman*
                                                               JOSHUA M. SALZMAN