

September 25, 2023

Christopher Wolpert	VIA E-Filing
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Re: *Leachco, Inc. v. CPSC*, No. 22-7060

Dear Mr. Wolpert:

The CPSC initially argued that *SEC v. Blinder, Robinson & Co.*, 855 F.2d 677 (10th Cir. 1988), foreclosed Leachco's challenge to removal protections for all CPSC Commissioners—including the Chairman. See CPSC Merits Br. 27–31. *But see* Leachco Reply 24–26 (distinguishing *Blinder*). Now, the CPSC argues that its Chairman is removable at will, just like the SEC Chairman in *Blinder*. CPSC 9/21/2023 Ltr. (citing 25 Op. O.L.C. 171 (2001)).

But *Blinder* involved a challenge to the initiation of a civil-enforcement action and, therefore, this Court focused on the SEC Chairman because of his "executive"—*i.e.*, enforcement—powers. 855 F.2d at 861. These "executive" powers—when the securities laws (and the Consumer Product Safety Act) were adopted—were understood to be distinct from "quasi-legislative" (rulemaking) and "quasi-judicial" (adjudicative) powers. *Cf. Seila Law v. CFPB*, 140 S.Ct. 2183, 2198 (2020).

Here, Leachco challenges the (entire) CPSC's "existence" and its authority to proceed "at all." *Axon v. FTC*, 143 S.Ct. 890, 904 (2023). And CPSC Commissioners collectively are vested with adjudicative and rulemaking functions implicated here. *See* 15 U.S.C. §§ 2058, 2064(f), 2076(a), (f); *see also* 16 C.F.R. §§ 1025.1–1025.72 (CPSC-adopted procedural rules for administrative adjudications). Therefore, even if the CPSC is correct that its Chairman alone is removable at will (though no court has so held), the issue here is the removability of *all* CPSC Commissioners.

*Blinder* is further distinguishable: While the President may select a new SEC Chairman (855 F.2d at 681), an interim CPSC Chairman is elected by the other Commissioners, and a permanent appointment requires Senate confirmation (15 U.S.C. § 2053(a), (d)).

Finally, *Collins v. Yellen* does not save the CPSC. *Collins* held only that retrospective compensatory relief requires establishing harm from a removability defect. 141 S.Ct.

Christopher Wolpert
September 25, 2023
Page 2

1761, 1788–89 (2021). *Compare Seila Law*, 140 S.Ct. at 2208 (plurality) ("If the removal restriction is not severable, then we must grant the relief requested, promptly rejecting the [administrative subpoena] outright."). The post-*Collins* decision in *Axon*—allowing structural constitutional challenges in district court before administrative proceedings end—makes no sense if *Collins* precludes prospective injunctive relief.

Respectfully submitted,

Oliver J. Dunford
Senior Attorney*

*Counsel for Appellant Leachco, Inc*

*Admitted to practice in Florida, California, and Ohio