

**PACIFIC LEGAL
FOUNDATION**

January 22, 2024

Christopher M. Wolpert                    **Via E-Filing**
Clerk of Court
U.S. Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

Re: *Leachco, Inc. v. CPSC*, No. 22-7060

Dear Mr. Wolpert:

CPSC submits a split decision in *Consumers' Research v. CPSC*, No. 22-40328 (5th Cir. 2024). Respectfully, the majority there erred. It didn't address the key to the "*Humphrey's* exception" to presidential at-will removal power over agency heads—the nature of an agency's power. Thus, only principal officers who exercise *no* executive power meet the *Humphrey's* exception. *See* Opening Br. 16, 18–19; Reply 4, 24, 25–26; Emergency Mtn. for Inj. Pending Appeal (July 31, 2023) 15–17.

Indeed, the panel majority confused the analysis. The *Humphrey's* exception does not "protect[] *any* 'traditional independent agency headed by a multimember board.'" *Consumers' Research* slip op. 14 (emphasis added) (citation omitted). Rather, as the panel itself later acknowledged, the "'contours'" of the exception "depend upon the *characteristics* of the agency....'" *Id*. 15 (quoting *Seila Law v. CFPB*, 140 S.Ct. 2183, 2198 (2020) (emphasis added by panel)).

And the dispositive characteristic is, to repeat, the nature of an agency's power. Accordingly, agency heads exercising *any* executive power do not meet the *Humphrey's* exception. *See Humphrey's Executor v. U.S.*, 295 U.S. 602, 628 (1935) (The 1935 FTC "cannot in any proper sense be characterized as an arm or an eye of the executive."); *Seila Law*, 140 S.Ct. at 2199 (*Humphrey's* applied to an agency "said not to exercise *any* executive power." (emphasis added)).

The (partial) dissenting opinion in *Consumers' Research* thus got it right: "the [1935] FTC satisfied the Court's test for insulation from at-will removal because it did not exercise any executive power." slip op. 24 (Jones, J., dissenting in part). "But unlike the 1935 FTC, the CPSC does exercise executive power." *Id*. (Jones, J., dissenting in part). And the majority's decision erroneously "*expands* the borders of *Humphrey's Executor* by

Christopher M. Wolpert
January 22, 2024
Page 2

extending the rule from agencies that *do not* exercise executive power to those that *do*." *Id*. 25 (Jones, J., dissenting in part).

But "[d]ifferent facts often mean different results." *Consumers' Research* slip op. 24 (Jones, J., dissenting in part). A different result is required here because the CPSC exercises "quintessentially executive power not considered in *Humphrey's Executor*." *Seila Law*, 140 S.Ct. at 2200.

Respectfully submitted,

Oliver J. Dunford
Senior Attorney*

*Counsel for Appellant Leachco, Inc*

*Admitted to practice in Florida, California, and Ohio